**Harold WHITE, Plaintiff-Appellant,**

v.

**STUYVESANT INSURANCE COMPANY, Defendant-Respondent.**

**No. 9299.**

Missouri Court of Appeals, Springfield District.

Feb. 23, 1973.

Dean S. Johnston, Joplin, for plaintiff-appellant.

William H. Burden, Jr., Joplin, for defendant-respondent.

PER CURIAM.

In this jury-waived case the Circuit Court of Jasper County, Missouri, entered judgment for the defendant and plaintiff has appealed. Plaintiff sought to recover for a fire loss of a mobile home owned by him and rented to another. Defendant's policy covered the mobile home but contained an exclusion clause in the event the mobile home was rented unless (a) such rental was declared and (b) additional premiums paid.

Plaintiff contended that he was entitled to reformation of the insurance policy so as to cover the loss by reason of the mutual mistake of the parties, and, that the exclusion clause was so vague, uncertain and ambiguous that it should not be enforced.

The facts are brief and not in dispute. For approximately three years before the

fire loss on November 2, 1968, plaintiff had been renting the mobile home to tenants, usually on a week-to-week basis. It was rented when defendant's policy was issued May 27, 1968, and when it was completely destroyed by fire.

David J. McMillen of the Noel Insurance Agency, Inc., took care of plaintiff's insurance needs and for several years before 1968 he had obtained insurance coverage of the mobile home from companies other than defendant. He knew plaintiff rented the mobile home to tenants. In April of 1968 he contacted the R. J. Haswell & Co., of Springfield, an insurance brokerage firm and agent for the defendant, concerning coverage of the mobile home. The application form furnished by the Springfield firm did not make any inquiry as to renting of the mobile home and did not contain any schedule for additional premiums for such use of the mobile home. The Springfield agency had been notified in October of 1967 that as to mobile home policies issued by defendant an additional premium charge was to be charged in the event the mobile home was rented and the fact of rental was to be shown on the policy.

Defendant's policy was issued by Mr. Haswell and forwarded to the Noel agency who in turn delivered it to the plaintiff. The policy contained the following provision under the heading "LIMITATIONS":

> "This policy does not apply: (a) under any of the coverages, while the mobile home is used as a public or livery conveyance or *rented*, unless such use is *specifically declared* and *described* in this policy and *premium charged therefor*; . . ." (Our emphasis.)

The policy was not examined by Mr. McMillen or the plaintiff and their first knowledge of the foregoing clause was after the loss occurred when defendant denied liability.

Mr. McMillen testified he did not intend for defendant's policy to have a rental endorsement and Mr. Haswell stated he had no knowledge of the mobile home being rented.[1]

By stipulation of the parties the cause was submitted to the trial court upon the pleadings, interrogatories, answers to interrogatories, depositions and exhibits. The court filed findings of fact and conclusions of law and entered judgment for defendant.

We have reviewed the transcript, exhibits and briefs of the parties and conclude that the judgment of the trial court is based on findings of fact which are not clearly erroneous. No error of law appears. An opinion would have no precedential value. Rule 84.16, V.A.M.R.

The judgment is affirmed.

All concur.

---

1. McMillen and his "errors and omissions" insurance carrier paid plaintiff for the fire loss, plaintiff executed a "Loan Receipt" in their favor, and this suit in the name of the plaintiff was instituted.